08-3353-ag
Karabulut v. Holder

BIA
Rohan, IJ
A97 525 812

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of February, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

_____

SEDAT KARABULUT,
> *Petitioner*,

    v.                                                  08-3353-ag
                                                        NAC

ERIC H. HOLDER JR., ATTORNEY GENERAL,*
> *Respondent*.

_____

---

*Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR PETITIONER:            Andrew P. Johnson, New York, New York.

FOR RESPONDENT:            Michael F. Hertz, Acting Assistant
                           Attorney General, Janice Redfern,
                           Senior Litigation Counsel, Thankful T.
                           Vanderstar, Attorney, United States
                           Department of Justice, Civil Division,
                           Office of Immigration Litigation,
                           Washington, D.C.

     UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

     Petitioner Sedat Karabulut, a native and citizen of Turkey, seeks review of the June 9, 2008 order of the BIA affirming the August 16, 2006 decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sedat Karabulut*, No. A97 525 812 (B.I.A. June 9, 2008), *aff'g* No. A97 525 812 (Immig. Ct. N.Y. City Aug. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

     When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Gjolaj v. BCIS*, 468 F.3d 140, 143 (2d Cir. 2006) (reviewing the question of nexus for substantial evidence).

     As a preliminary matter, we lack jurisdiction to consider Karabulut's arguments pertaining to the IJ's denial of CAT relief because he did not raise that claim before the BIA. *See Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006); 8 U.S.C. § 1252(d)(1). Accordingly, we dismiss his petition for review to that extent.

     Moreover, because Karabulut fails to challenge the agency's pretermission of his asylum application as untimely filed, we consider any such arguments waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

With respect to Karabulut's application for withholding of removal, we find that substantial evidence supported the IJ's decision to deny relief. Karabulut does not persuasively argue that the IJ erred in finding that he was not a member of a particular social group merely because his wife's family has threatened him. Indeed, Karabulut does not specifically challenge the IJ's findings that he failed to show that the group he alleges he belongs to possesses any immutable characteristics or identifying factors necessary to constitute a cognizable "particular social group." *See Koudriachova v. Gonzales*, 490 F.3d 255, 261 (2d Cir. 2007). Regardless, the fact that his brothers-in-law may be affiliated with an organized criminal gang does not, *per se*, establish that he belongs to a "group" of potential victims of organized crime. We have observed that when the potential harm visited upon an applicant would be "attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering [that applicant to be a member of] a 'particular social group[.]'" *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

Furthermore, Karabulut raises no argument attempting to rebut the IJ's findings that his wife's family was motivated primarily by their desire for his money. *See Koudriachova*, 490 F.3d at 261. In any event, it is apparent that even assuming Karabulut had demonstrated that he was a member of a particular social group, it was reasonable for the IJ to deny his claim for withholding of removal where there was sufficient record evidence demonstrating that financial gain was the "central reason" driving Karabulut's in-laws to make threats against him. *Id.* at 261. As the aforementioned findings were dispositive, it is unnecessary to consider any of his remaining arguments.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-3-